**Roger Lee BROWER, Plaintiff–Appellant,**

v.

**MICHIGAN SUPREME COURT, Defendant–Appellee.**

**No. 01–2719.**

United States Court of Appeals, Sixth Circuit.

June 27, 2002.

Before CLAY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Roger Lee Brower, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory relief, Brower sued the Michigan Supreme Court, claiming that the defendant violated his procedural and substantive due process rights. He essentially alleged that the defendant violated state-established procedures when it improperly denied his application for leave to appeal the Michigan Parole Board's decision denying him parole. Upon review, the district court concluded that the complaint failed to state a claim upon which relief may be granted, and it dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Reconsideration was denied. Brower has filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court properly dismissed Brower's complaint. Nonetheless, we affirm for reasons slightly different than those expressed by the district court. *See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985).

The district court properly determined that Brower's complaint failed to state a claim upon which relief may be granted. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove any set of facts in support of his claims that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998). In this case, the district court properly concluded that, to the extent Brower is challenging the out-

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

come of the parole hearings, he cannot pursue such relief under § 1983, because such a challenge must be brought pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254).

In addition, Brower's complaint was subject to dismissal for lack of subject matter jurisdiction. Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court, because only the United States Supreme Court has jurisdiction to correct state-court judgments. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Lower federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *See Feldman,* 460 U.S. at 486–87; *Patmon,* 224 F.3d at 509–10. A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *see Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998), and if the federal claims assert specific challenges to the state-court proceedings, rather than a general challenge to the constitutionality of the state law. *See Patmon,* 224 F.3d at 509–10; *Catz,* 142 F.3d at 293.

In this case, Brower argues that the defendant violated state procedures when it denied his application for leave to appeal. He does not argue that the procedures themselves are unconstitutional. Hence, he clearly sought to have this court review the state-court proceedings, even though his intent to do so was thinly veiled by nominal allegations of constitutional violations. Therefore, the dismissal of his case also would have been proper under the *Rooker–Feldman* doctrine.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.